IN RE PETITION OF JESSE T. JONES FOR RESTORATION TO CITIZENSHIP.

(Filed 9 October, 1912.)

1. Executive Pardon—Imprisonment—Restoration of Citizenship— Interpretation of Statutes.

One who has been convicted of murder in the second degree and has been pardoned by the Governor, and released from imprisonment, may not have his citizenship restored under the provisions of Revisal, sec. 2680, by petition to the judge presiding at any term of the Superior Court held for the county in which the conviction was had, when filed after the expiration of one year after such conviction, for in such instances Revisal, secs. 2675 and 2676 apply, requiring that the petition be filed after the expiration of four years, etc.

2. Same—Practice.

The question as to whether a pardon from the Governor has the effect of releasing a prisoner, convicted and imprisoned for an infamous crime, from the consequences of his offense to the same extent as if the offense had never been committed, and for that reason he was entitled to be restored to his citizenship, can only be presented when his right of suffrage and registration, or other right of citizenship, which he exercised before the commission of the offense, has been denied.

APPEAL by petitioner from *Ferguson, J.,* at September Term, 1912, of JOHNSTON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Justice Brown.*

This petition was filed in the Superior Court of Johnston County by the petitioner under section 2680 of the Revisal for restoration to citizenship. His Honor denied the petition, and the petitioner appealed.

*F. H. Brooks for petitioner.*

BROWN, J.   The petitioner was convicted in the Superior Court of Johnston County for murder in the second degree at September Term, 1911, and sentenced to twenty years in the State's Prison.

The petitioner was pardoned by the Governor, and the same presented to the Superior Court of Johnston County at March Term, 1912, and the prisoner was released.

It is evident that the Superior Court had no jurisdiction to grant the prayer of the petitioner.   Under chapter 64 of the Revisal of 1905, secs. 2675, 2676, etc., a prisoner convicted of an infamous crime and sentenced to imprisonment may file his petition for restoration to citizenship at any time after the expiration of four years from the date of conviction.

Section 2680 provides that where the judgment of the court does not include imprisonment, and pardon has been granted by the Governor, or judgment suspended on payment of the costs, and the costs have been paid, such person may be restored to such forfeited rights of citizenship upon application, by petition to the judge presiding at any term of the Superior Court held for the county in which the conviction was had, which petition must be filed after the expiration of one year after such conviction.

As imprisonment was a part of the judgment of the court in this case, this petition cannot be entertained at this time, as the prisoner was convicted and sentenced only a year ago.

It is unnecessary for us to consider the effect of a pardon. It is very elaborately argued in the brief of the counsel for the petitioner.   It may be, as contended, that the pardon is such an act of grace as releases the offender from the consequences of his offense to the same extent as if the offense had never been committed.   This question cannot be raised in petition for restoration to the rights of citizenship under the statute, for the Court has no jurisdiction to entertain it except at the times and for the purposes named in the statute.

If the petitioner is denied the right of suffrage and registration, or other rights of citizenship which he exercised before

the commission of the offense, he may then by proper legal proceedings have the full scope and effect of his pardon determined by the courts.

The petitioner will pay the cost of this appeal.

The judgment dismissing the petition is

Affirmed.